IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| HELEN T. FURGER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION NO. 00-0451-WS-L |
| ) | |
| JO ANNE B. BARNHART, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION**

This matter is before the Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 54(d)(2)(D) of the Federal Rules of Civil Procedure on the petition for authorization of attorney fees filed by counsel for the plaintiff, defendant's response, and plaintiff's reply. (Docs. 30-33). Upon consideration of all pertinent materials in this file, it is recommended that plaintiff's counsel receive a reasonable fee in the amount of $3,901.50.

**I.  FINDINGS OF FACT**

1.  In June 1994, plaintiff retained Rose A. McPhillips to represent her before the Social Security Administration regarding her claims for disability insurance benefits, a period of disability, and supplemental security income. (Doc. 30, Affidavit).  In the contingent fee agreement dated June 14, 1994, plaintiff agreed to an attorney's fee for representation at the federal court level of twenty-five (25%) percent of combined gross back benefits resulting from a favorable award from the

Commissioner of Social Security. (Doc. 31, Attachment).

2.     On March 8, 1996, the Administrative Law Judge (ALJ) denied plaintiff's claims and plaintiff appealed. (Doc. 31). On April 11, 1997, the Appeals Council remanded the case and upon further consideration, the ALJ issued an unfavorable decision on July 17, 1998. (Doc. 31). On April 26, 2000, the Appeals Council upheld the ALJ's decision. (Doc. 31).

3.     On May 15, 2000, plaintiff appealed to this court. (Docs. 1, 31). On August 31, 2001, this court reversed and remanded the case to the Commissioner of Social Security pursuant to sentence four of 42 U.S.C. § 405(g) for an award of benefits which made plaintiff a prevailing party for purposes of the Equal Access to Justice Act. 28 U.S.C. § 2412 (EAJA). (Docs. 28-29).     4.

On or about March 18, 2002, plaintiff was awarded past due benefits totaling $48,780.00 of which $12,170.25 or twenty-five (25%) percent has been withheld for payment of an approved attorney fee. (Doc. 32).[1] On April 6, 2004, the Associate Commissioner for the Central Operations for the Social Security Administration sent a letter to plaintiff's counsel reminding her that $12,170.25 had been withheld since June 2002 and that she should submit a petition for payment. (Doc. 32, note 1).[2] On or about May 5, 2005, plaintiff's counsel received a call from the Administration advising her of the amount withheld.[3]

---

[1] Defendant does not dispute the amount of the award or the amount calculated as twenty-five percent of the award. (Doc. 32).

[2] Plaintiff's counsel does not dispute that this letter may have been sent but states she does not have a time entry to indicate receipt of the letter. (Doc. 30, Exhibit 2, page 2).

[3] The time entries show that plaintiff's counsel received a "[c]all from SS with fee amount" on May 5, 2005. (Doc. 30, Exhibit 2, page 2). Defendant has not disputed this information.

5. On May 10, 2005, plaintiff's counsel filed a motion and supporting memorandum for an award of attorney fees pursuant to 42 U.S.C. § 406(b) and a time sheet indicating 23.75 hours spent representing plaintiff at the District Court. (Doc. 30, Exhibit 2; Doc. 31).

6. Plaintiff's counsel did not apply for attorney fees pursuant to the EAJA. Plaintiff's counsel states that she did not request a fee pursuant to 42 U.S.C. § 406(a) for her services at the administrative level because this court issued the final favorable decision. Plaintiff's counsel reports spending 73.5 hours representing plaintiff at the administrative level. (Doc. 31).

## II. CONCLUSIONS OF LAW

**Reasonableness of the fee**

Section 206(b) of the Social Security Act, codified at 42 U.S.C. § 406(b), provides that when a court renders a favorable judgment to a Social Security claimant "[w]ho was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]" 42 U.S.C. § 406(b)(1)(A).[4] Section 406(b) thus "provides for contingent fees to be charged *to the client* with the amount to be set by the district court subject to a statutory maximum." Watford v. Heckler, 765 F.2d 1562, 1566 (11th Cir. 1985)(citations omitted); see Meyer v. Sullivan, 958 F.2d 1029, 1035 n.12 (11th Cir. 1992) (the total amount of

---

[4] "When a claimant receives a favorable administrative decision following a remand of a case by the district court to the Secretary, the district court may award attorney's fees pursuant to 42 U.S.C. § 406(b)(1)." Rohrich v. Bowen, 796 F.2d 1030, 1031 (8th Cir.1986) (citations omitted).

attorney's fees that may be awarded under the Act is limited to twenty-five per cent (25%) of the past-due benefits awarded). Section 406(b) "does not invalidate all contingent fee arrangements--it merely sets their upper limit--and because such arrangements effectuate congress's objective of securing adequate representation for Social Security claimants, a requested fee based on a contingent fee arrangement should be enforced unless the court finds it to be unreasonable." Wells v. Sullivan, 907 F.2d 367, 370 (2nd Cir.1990).

The Eleventh Circuit previously applied the "lodestar method", i.e., "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate" to determine a reasonable fee. Kay v. Apfel, 176 F.3d 1322, 1324-1325 (11th Cir.1999) abrogated by Gisbrecht v. Barnhart, 535 U.S. 789, 122 S.Ct. 1817 (2002).

In Kay, the Eleventh Circuit Court of Appeals reasoned that

[t]he fact that we are required to scrutinize the reasonableness of an attorney's fee drawn from an already limited fund further militates against treating contingency arrangements in § 406(b) claims as presumptively reasonable, and points in favor of the lodestar method. Although we adopt the lodestar method in determining a "reasonable" attorney's fee under § 406(b), the existence of a contingent fee agreement is not entirely irrelevant. Courts may adjust the lodestar figure upward or downward to reflect a number of different factors, including the existence of a contingency fee agreement.

176 F. 3d at 1326-1327. Additionally, the court adopted the twelve factors previously applied by the courts to determine a reasonable attorney's fee award. Id. at 1327 (citing Johnson v. Georgia Highway Express, 488 F.2d 714, 717-19 (5th Cir. 1974)). The court then held that "[t]hough the lodestar calculation remains the starting point and 'centerpiece of attorney's fee awards' under § 406(b), the factors identified in Johnson 'may be relevant in adjusting the lodestar amount,'" Id. at 1327, (citation omitted) and cautioned that the "contingency-fee factor is simply that, a factor.'" Id. (citation omitted).

4

The court further stated that "its presence in a given case would not necessarily require an adjustment in order to produce a reasonable fee; the lodestar amount itself may suffice." Id.

However, in Gisbrecht, the Supreme Court abrogated the decision in Kay by holding that § 406(b) of the Social Security Act "does not displace contingent-fee agreements within the statutory ceiling; instead [the section] instructs courts to review for reasonableness fees yielded by those agreements." Gisbrecht, 122 S.Ct. at 1829. The Court found as follows:

> Congress thus sought to protect claimants against "inordinately large fees" and also to ensure that attorneys representing successful claimants would not risk "nonpayment of [appropriate] fees." SSA Report 66 (internal quotation marks omitted). But nothing in the text or history of § 406(b) reveals a "desig[n] to prohibit or discourage attorneys and claimants from entering into contingent fee agreements." Ibid. Given the prevalence of contingent-fee agreements between attorneys and Social Security claimants, it is unlikely that Congress, simply by prescribing "reasonable fees," meant to outlaw, rather than to contain, such agreements.

Gisbrecht, 122 S.Ct. at 1827. Also, the Court specifically rejected the lode-star method of determining fees by stating that it is "unlikely that Congress, legislating in 1965, and providing for a contingent fee tied to a 25 percent of past-due benefits boundary, intended to install a lodestar method courts did not develop until some years later." Id.

The Court then held as follows:

> Most plausibly read, we conclude, § 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases (footnote omitted). Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. § 406(b)(1)(A) (1994 ed., Supp. V) (footnote omitted). Within the 25 percent boundary, as petitioners in this case acknowledge, the attorney for the successful claimant
> must show that the fee sought is reasonable for the services rendered.

5

Gisbrecht, 122 S.Ct. at 1828.

Unfortunately, the Court in Gisbrecht did not specifically delineate the factors for the lower court to consider when determining the reasonableness of the contingency fee arrangement. However, the Court endorsed several circuits' approach to evaluating reasonableness.

> Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved.  See, e.g., McGuire v. Sullivan, 873 F.2d 974, 983 (7th Cir. 1989) ("Although the contingency agreement should be given significant weight in fixing a fee, a district judge must independently assess the reasonableness of its terms."); Lewis v. Secretary of Health and Human Servs., 707 F.2d 246, 249-250 (6th Cir. 1983) (instructing reduced fee when representation is substandard).   If the attorney is responsible for delay, for example, a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court. See Rodriquez v. Bowen, 865 F.2d 739, 746-747 (6th Cir. 1989).  If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order. See id., at 747 (reviewing court should disallow "windfalls for lawyers"); Wells v. Sullivan, 907 F.2d 367, 372 (2nd Cir. 1990) (same).  In this regard, the court may require the claimant's attorney to submit, not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases. See Rodriquez, 865 F.2d, at 741.  Judges of our district courts are accustomed to making reasonableness determinations in a wide variety of contexts, and their assessments in such matters, in the event of an appeal, ordinarily qualify for highly respectful review.

122 S.Ct. at 1828-1829.

In McGuire v. Sullivan, 873 F.2d 974 (7th Cir. 1989), which was cited by the Court in Gisbrecht, the court recognized the following as appropriate factors to consider when determining whether a contingency fee is reasonable: the skill, expertise and reputation of the plaintiff's counsel, the difficulties of the case, the results achieved, the fact of the contingency arrangement, and the risk

involved with agreeing to take the case. 873 F. 2d at 983.

In Wells v. Sullivan, 907 F.2d 367 (2nd Cir. 1990), another case cited by the Court in Gisbrecht, the court held that,

> a contingency agreement is the freely negotiated expression both of a claimant's willingness to pay more than a particular hourly rate to secure effective representation, and of an attorney's willingness to take the case despite the risk of nonpayment. See Rodriquez, 865 F.2d at 746; Wells I, 855 F.2d at 45.   Therefore, we ought normally to give the same deference to these agreements as we would to any contract embodying the intent of the parties. See McGuire, 873 F.2d at 981;  Rodriquez, 865 F.2d at 746.  Based on these principles, we hold that where there is a contingency fee agreement in a successful social security case, the district court's determination of a reasonable fee under §406(b) must begin with the agreement, and the district court may reduce the amount called for by the contingency agreement only when it finds the amount to be unreasonable.

907 F. 2d at 371.

Also, in Rodriquez v. Bowen, 865 F.2d 739 (6th Cir. 1989), a case cited in both Gisbrecht and Wells, the court held that twenty-five (25%) percent of the past due benefits is the "benchmark" to be used when determining what is reasonable. 865 F.2d at 746.  The court further delineated that,

> if the agreement states that the attorney will be paid twenty-five percent of the benefits awarded, it should be given the weight ordinarily accorded a rebuttable presumption.  The court should give close attention to the agreement between attorney and client.  In the event the court chooses not to give effect to the terms of the agreement, it should state for the record the deductions being made and the reasons therefore.  Deductions generally should fall into two categories:  1) those occasioned by improper conduct or ineffectiveness of counsel;  and 2) situations in which counsel would otherwise enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended.

Id.  In discussing what constitutes a windfall the court stated that

> [w]here a case has been submitted on boilerplate pleadings, in which no issues of material fact are present and where no legal research is apparent, the benchmark twenty-five percent of awards fee would obviously be inappropriate.   The reviewing

>courts should not hesitate to make reductions in such situations, and at the other end of the spectrum should only allow maximum fees for extensive effort on the part of counsel who have overcome legal and factual obstacles to the enhancement of the benefits awarded to his client.

Id. at 747.

From the guidance provided by the above cited cases, it is presumed that the Supreme Court intends that the lower courts give great deference to the contingency fee arrangement.[5]  Hence, the contingency fee will be upheld unless it is unreasonable.  A contingency fee will be deemed unreasonable when either 1) counsel was ineffective or has acted improperly in delaying the case or 2) counsel will receive a windfall (an unconscionable amount) if allowed to recover the full twenty-five (25%) percent of combined gross back benefits.

**Timeliness of fee petition**

Section 406(b) does not specify a time limit within which counsel must apply for approval of the twenty-five percent fee to be withheld from plaintiff's benefits.  Section 406(b)(1)(A) states that

>[w]henever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security, may, . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.

---

[5] "Attorneys who take cases on contingency, thus deferring payment of their fees until the case has ended and taking upon themselves the risk that they will receive no payment at all, generally receive far more in winning cases than they would if they charged an hourly rate. The difference, however, reflects the time value of money and the risk of non-recovery usually borne by clients in cases where lawyers are paid an hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 448-449, 103 S.Ct. 1933 (1983) (Burger, J., concurring).

42 U.S.C. § 406(b)(1)(A).

Rule 54 of the Federal Rules of Civil Procedure states that "[u]nless otherwise provided by statute or order of the court, [a motion for attorney fees] must be filed no later than 14 days after entry of judgment[.]" Fed. R. Civ. P. Rule 54(d)(2)(B).  Local Rule 54.3 for the Southern District of Alabama states that a motion for attorney fees "shall be filed and served at least ten days prior to the expiration of the time within which opposing parties can file a timely notice of appeal from the judgment under Fed. R. App. P. 4(a)(1), (3-6)." L.R. 54.3 (b).

However, the court recognizes that pursuant to Gisbrecht,[6] it must conduct an independent check to assure the reasonableness of the fee requested in view of the circumstances of the case. 122 S.Ct. at 1828.  In order to determine the reasonableness of the fee requested, the court must know the dollar amount of the fee in order to assess it in terms of the facts and circumstances of the case.  The dollar amount of the fee cannot be determined until after the Social Security Administration has computed the plaintiff's total past-due benefits.  Thus, this court can not properly consider a petition for § 406(b) fees until after the computation is made and the actual dollar value of twenty-five (25%) percent of past due benefits is determined.[7]  The end result is that this court has acted upon petitions

---

[6] Prior to the decision in Gisbrecht, the undersigned did not receive any fee applications pursuant to § 406(b).

[7] This court has addressed petitions for § 406(b) fees filed after the time period set forth in Local Rule 54.3 even though no time limit is specified in the Act.  Frequently, because of the lengthy time required for the Administration to process a case on remand whether for award of benefits or for further proceedings, the applications are filed several years after the judgment was entered by this court.  Other jurisdictions have followed this procedure and denied as premature petitions for § 406(b) fees which were filed before the computation of benefits or before the Commissioner awarded benefits on reconsideration on remand. Connor v. Chater, 1996 WL 197490 (N.D. Ill.) (denied fee application without prejudice to refile upon calculation by Commissioner), Robbins v Barnhart, 192 F. Supp 2d

for attorneys fees which were filed beyond the deadlines set in Fed. R. Civ. P. Rule 54(d)(2)(B) and Local Rule 54.3.

The court has found no statute, regulation, Supreme Court or Eleventh Circuit case law which sets a time limit after the benefits computation is made and during which plaintiff's counsel must file a petition for § 406(b) fees[8] or indicates that this court loses jurisdiction to award these fees if plaintiff's counsel does not file a petition within the time limit provided by Fed. R. Civ. P. Rule 54 or Local Rule 54.3.[9]

---

1211, 1213 (D. Kan. 2002) (denied fee application because award of benefits was not reflected in the record), Hayes v Chater, 1996 WL 254611 (D.Kan.) (denied as premature because no award of benefits had yet been entered on remand); but see McDannel v Apfel, 78 F. Supp 2d 944 (S.D. Iowa 1999) (in a case remanded for entry of benefits, the court found plaintiff's time to petition for fees under 406(b)(1) had expired pursuant to Fed. R. Civ. P. 54(d)(2)(B) and Local Rule 54.2).

[8] 20 C.F.R. § 404.1730(c) sets a time limit for filing a request for approval of attorney fee with the Social Security Administration and to receive direct payment of the fee for services rendered before the Administration from the claimant's past due benefits. The Regulation also states that the SSA will pay a fee for representation in Federal court but does not set a time frame for making a fee application in the Federal court. Id. at (a).

The Northern District of Alabama sets a time limit in its final order remanding cases for award of benefits. The court states that pursuant to Rule 54(d)(2)(B), counsel for plaintiff is granted an extension of time to thirty (30) days after the Commissioner has determined the past due benefits within which to file an application for fees under 42 U.S.C. § 406(b). White v. Barnhart, 340 F. Supp. 2d 1283, 1289 (N.D. Ala. 2004). The court also orders the Commissioner to withhold up to twenty five percent of the total award for an attorney fee and to notify the court "so that the matter may be set for final determination of the amount of attorney's fees to be allowed plaintiff's counsel for services rendered in representing the plaintiff in this cause." Id. The order specifically states that the EAJA deadline is not stayed.

[9] In contrast, the Equal Access to Justice Act (EAJA), requires filing of the fee application within thirty (30) days of final judgment which has been interpreted as occurring at the end of the sixty (60) days for appeal provided under Rule 4(a)(1) of the Federal Rules of Appellate Procedure. 28 U.S.C. § 2412 (d)(1)(B); Shalala v. Schaefer, 509 U.S. 292, 302, 113 S.Ct. 2625, 2632 (1993). However, because the EAJA waives sovereign immunity and the Eleventh Circuit has held that filing within thirty days is a jurisdictional requirement, U.S. v. J.H.T., Inc., 872 F.2d 373, 375 (11th Cir.

### III. DISCUSSION

**Timeliness of the fee petition**

Defendant argues that plaintiff's fee application is not timely because it was not made pursuant to Local Rule 54.3 which provides that motions for attorney fees should be filed and served ten days before the expiration of the time for appeal. Based upon the date of entry of judgment, August 31, 2001, defendant computes the deadline as on or about October 20, 2001. Defendant then acknowledges that because plaintiff's counsel could not file a motion until she knew the amount of money withheld from plaintiff's past due benefits, it was reasonable to toll the time period. Therefore, defendant reasons that plaintiff was notified of the amount of award on or about March 18, 2002 and should have filed her application for attorney fees on or about May 7, 2002. By footnote, defense counsel reports that on April 6, 2004, the Associate Commissioner for the Central Operations for the Social Security Administration sent a letter to plaintiff's counsel to remind her that $12,170.25 had been withheld since June 2002 and that she should submit a petition for payment. (Doc. 32, note 1).

Plaintiff's counsel replies to defendant's response and states that plaintiff with whom she contracted has no objection to payment of the fees and that defendant is placing herself in an amicus position in regard to the fee issue. Plaintiff's counsel also argues that Local Rule 54.3, despite defendant's creative interpretation, does not apply to attorney fee petitions under § 406(b)(1) because

---

1989) (citations omitted), failure to timely petition for an EAJA fee prevents the district court from considering the merits of the fee application because of lack of jurisdiction. Newsome v. Shalala, 8 F.3d 775, 777 (11th Cir. 1993); Myers v. Sullivan, 916 F.2d 659, 666 (11th Cir. 1990).

11

that section sets its own procedures.  Plaintiff's counsel points out that § 406(b)(1) caps the award at twenty-five percent of the total past due benefits; thus, the maximum amount of the fee can not be determined until after past benefits are calculated.  Consequently, plaintiff's counsel asserts that the fee amount can never be determined within the seventy-day time frame of Local Rule 54.3 which applies to civil actions.

Plaintiff's counsel asserts that § 406(b)(1) sets no time limit for filing a fee petition while in contrast § 406(a) (which addresses fees for services performed before the Commissioner at the administrative level) does set a sixty-day time period after notice of a favorable decision.  Plaintiff's counsel argues that even when the Commissioner has withheld funds and the fee petition is not timely filed by the Commissioner's standards as set forth in 20 C.F.R. § 404.1730(c), then the funds are disbursed to the claimant,[10] but counsel is not precluded from obtaining a fee award.  Counsel must then obtain the funds from the claimant.  Plaintiff's counsel reiterates that the funds in this case are still being held by the Administration and are available to pay the attorney fee.

Plaintiff's counsel does not dispute the award date of March 18, 2002.[11]  Counsel's time sheet shows an entry for receipt of a letter from the Social Security Administration on March 25, 2002.  (Doc. 30, Exhibit 2, page 2).  Counsel's time entries also report letters from the Administration on June

---

[10] The regulation also provides that if no request is filed within sixty days, the Administration will mail a notice to claimant and the attorney informing the attorney that unless a written request for fees under § 404.1725 is filed (or a request for extension) within twenty days, all the past due benefits including the part which would have been withheld to pay the attorney fee will be paid to the claimant. 20 C.F.R. § 404.1730(c).

[11] Plaintiff's counsel states that she does not have a notice of award but has been informed that $12,170.25 has been withheld as twenty-five percent of plaintiff's past due benefits. (Doc. 31, page 7).

17, 2002 and July 29, 2002, and a letter to the Administration on September 2, 2002. (Id.). In regard to the letter of April 6, 2004, which defendant reported was sent to plaintiff's counsel reminding her that funds had been withheld since June 2002 and that she should submit a petition for payment (Doc. 32, note 1), plaintiff's counsel correctly points out that receipt of this letter is not recorded on her time sheets. (Doc. 33, note 3). Plaintiff's counsel's time entries show that she received a "[c]all from SS with fee amount"on May 5, 2005. (Doc. 30, Exhibit 2, page 2). Plaintiff's counsel filed her application for fees on May 10, 2005. (Docs. 30, 31).

As plaintiff's counsel points out, § 406(b)(1) does not set a time limit for plaintiff's counsel to apply for a fee after notice of the award of past due benefits and withholding of funds, although the section does describe a procedure for obtaining fees. Defendant has not presented any code section, regulation or case law which indicates that there is a set time limit for filing a petition for an award of § 406(b)(1) attorney's fees in the Federal Court after counsel has been notified of the calculation of past due benefits. Thus, although the request for fees is over three years past the award, defendant has not given any reason why the plaintiff or Administration is prejudiced in this case. However, "[w]ith respect to future social security actions, in accordance with the § 406(b) statutory language and the Federal Rules of Civil Procedure, this Court believes that the best practice, in entry of a judgment for immediate entry of benefits, would be for the Plaintiff to request and the Court to include in the judgment a statement that attorney's fees may be applied for within a specified time after the determination of Plaintiff's past due benefits by the Commission." McGraw v. Barnhart, 370 F. 2d 1141, 1155 (N.D. Okla. 2005).

**Reasonableness of the fee**

Plaintiff's counsel presents an itemized statement showing that 23.75 hours were spent before the District Court. (Doc. 30, Exhibit 2). Plaintiff's counsel also reports that she spent 73.5 hours at the administrative level but has not petitioned for a fee. (Doc. 31). Plaintiff's counsel did not request an award pursuant to the EAJA. Plaintiff's counsel requests an award of $12,170.25 which equals twenty-five percent (25%) of the back benefits awarded to plaintiff in the amount of $48,780.00.

Plaintiff's counsel argues that the contingent fee agreement should be given effect because it is within the statutory maximum and reflects the contingent nature of recovery in social security cases. She also argues that she assumed a substantial risk of loss by taking the case on a contingent fee because the class of social security cases only have a 35% prevailing rate before the court and that this individual case had a substantial risk of loss because plaintiff's claim had been denied at four levels of agency review including twice at the hearing level.

Plaintiff's counsel states that she provided effective and efficient representation in that she spent 23.75 hours in litigation, prepared two substantive memoranda and participated in oral argument where she raised and developed two legal issues with extended legal and factual analysis. Plaintiff's counsel also argues that the effective hourly rate of $512.43 while larger than her non-contingent rate of $200.00 per hour is reasonable because relying upon a non-contingent rate without considering the contingent nature of a § 406(b) fee would inadequately compensate counsel. She asserts that if the risk of loss were quantified, then the hourly rate must be adjusted to meet that risk.

Defendant responds that the amount requested results in an unreasonable award of fees to plaintiff's counsel. Defendant states that Gisbrecht did not hold that all contingent fee agreements must be enforced but instead authorized courts to review the agreements to determine whether a reasonable

14

result would occur if upheld. Defendant states that as part of this reasonableness determination, the court may consider the hours spent at the Federal court level and the attorney's normal hourly rate for non-contingent cases which in this case, is $200.00 per hour. Defendant points out that plaintiff's counsel spent 23.75 hours in Federal court and seeks $12,170.25 as compensation which results in an hourly rate of $512.73. Defendant argues that pursuant to Gisbrecht, this court should mitigate this unreasonable result and reduce plaintiff's counsel's effective hourly rate to the more reasonable rate of $250.00 per hour which is twice the EAJA rate awarded in this District. (23.75 hours x $250.00 = $5,937.50).

In her reply to defendant's response, plaintiff's counsel concedes that $512.43 may be unreasonable but argues that the Commissioner's suggestion of $250.00 per hour (twice the EAJA) baselessly attaches the multiplier of 2 to the wrong rate. Plaintiff's counsel argues that this court should, at a minimum, award fees at the rate of $400.00 per hour (twice her hourly non-contingent rate of $200.00) for a total of $9,500.00 and that if the court so orders, she will petition for a § 406(a) fee with the Commissioner for the remaining $2,670.25.

In evaluating the reasonableness of the contingency fee arrangement the court notes that plaintiff's counsel obtained significant past due benefits in the amount of $48,780.00 and future benefits. Also plaintiff's counsel is recognized in this community as an experienced, reputable and capable attorney who practices almost exclusively in the area of social security law. Moreover, plaintiff's counsel states that she began representing plaintiff on June 14, 1994, and continued to represent plaintiff throughout the social security appeals process until the award of benefits on or about March 18, 2002. (Doc. 32). The representation lasted almost eight years.

The court also recognizes that in assuming representation of the plaintiff for eight years, plaintiff's counsel assumed a significant risk that she would never recover any fee for her efforts. Accordingly, this court does not look at the 23.75 hours spent in District Court in a vacuum.

Following the guidance of Rodriquez, the undersigned does not believe that reductions are warranted based on boilerplate pleadings because the pleadings submitted in this case are fact specific. 865 F.2d at 746-747. Moreover, while there were no novel legal issues or arguments presented, there is uncontested evidence presented by plaintiff's counsel that she was required to overcome "factual obstacles to the enhancement of the benefits awarded to [her] client" which would justify a maximum award. 865 F.2d at 747. The court recognizes that plaintiff's counsel's hours spent appear disproportionate to the award. However, plaintiff and plaintiff's counsel entered into an agreement which was within the statutory maximum and plaintiff's counsel assumed the risk that she would receive nothing if unsuccessful. In Wells, the court held that

> [w]e must recognize, however, that a contingency agreement is the freely negotiated expression both of a claimant's willingness to pay more than a particular hourly rate to secure effective representation, and of an attorney's willingness to take the case despite the risk of nonpayment. (Citations omitted)  Therefore, we ought normally to give the same deference to these agreements as we would to any contract embodying the intent of the parties.  (Citations omitted)  Based on these principles, we hold that where there is a contingency fee agreement in a successful social security case, the district court's determination of a reasonable fee under § 406(b) must begin with the agreement, and the district court may reduce the amount called for by the contingency agreement only when it finds the amount to be unreasonable. (Citations omitted).

907 F. at 370.

Plaintiff's counsel did not apply for attorney fees pursuant to the EAJA. Defendant raises no amicus position in regard to plaintiff's counsel's failure in this regard. "The [EAJA] effectively increases

16

the portion of past-due benefits a successful claimant can pocket. An EAJA award offsets an award under § 406(b) so that the amount of total past-due benefits actually received by the claimant will be increased by the EAJA award up to the point where the claimant could potentially obtain 100 percent of past-due benefits." Hearn v. Barnhart, 262 F. Supp. 2d 1033, 1036 (N.D. Calif. 2003) citing Gisbrecht v. Barnhart, 535 U.S. 789, 122 S.Ct. 1817, 1828 (2002). When an attorney obtains a fee award under the EAJA, and subsequently obtains a fee award under the Social Security Act, the attorney must return the smaller of the two to the plaintiff. Section 206 of Pub. L. No. 96-481 states as follows:

> (b) Section 206(b) of the Social Security Act [42 U.S.C. § 406(b)] . . . shall not prevent an award of fees and other expenses under section 2412(d) of title 28, United States Code. Section 206(b) of the Social Security Act shall not apply with respect to any such award but only if, where the claimant's attorney receives fees for the same work under both section 206(b) of that Act and section 2412(d) of title 28, United States Code, the claimant's attorney refunds to the claimant the amount of the smaller fee.

Section 206 of Pub. L. No. 96-481, as amended by Pub. L. No. 99-80, § 3, Aug. 5, 1985, 99 Stat. 186. Thus, it appears that counsel did not protect her client's financial interest in this regard. See Wallace v. Barnhart, 2004 WL 883447, *3 (N.D. Iowa 2004) ("The duty of attorneys to protect the interests of their clients remains throughout all of the legal proceedings and, as such, plaintiffs' attorneys are obligated to pursue fees pursuant to the EAJA or provide to the court why such fees are not being pursued."); Shepherd v. Apfel, 981 F. Supp. 1188, 1193 (S.D. Iowa 1997) ("The only person able to protect the interests of plaintiff was his counsel. By failing to file an EAJA application, plaintiff's counsel denied him the possibility, of retaining his entire award of past-due benefits.).

This court's jurisdiction to award an EAJA fee has lapsed. See note 9, supra. However, the

court, in making its determination as to the reasonableness of the contingency fee agreement may consider reducing the fee because of "ineffectiveness of counsel". Rodriquez, 865 F.2d at 746; see also Shepherd, 981 F. Supp. at 1194 (finding that a reduction in the lodestar amount was appropriate because counsel failed to file an EAJA petition and did not provide justification for failing to do so). Therefore, the court recommends a reduction equal to the amount of the EAJA fee which would have been received on timely application or $2,968.75.[12]

In her reply to defendant's response, plaintiff's counsel indicated that if this court reduced her fee based on a reduction of her effective hourly rate, then she would petition for a § 406(a) fee from the Commissioner for the difference. Should counsel do so in regard to the reduction of her fee based upon her failure to apply for EAJA fees, then this court's attempt to correct the mistake would be for naught and twenty-five (25%) per cent of plaintiff's past due benefits would be awarded as a fee instead of twenty-five (25%) per cent minus the EAJA fee. Therefore, the court further reduces counsel's fee by the sum of $5,300.00, the maximum amount for which she may petition at the Administrative level for a final fee award in District Court in the amount of $3,901.50.[13] Thus, when counsel petitions for her § 406(a) fee from the Commissioner and possibly receives the maximum of $5,300.00, her total award will be $9,201.50, and plaintiff will receive an additional $2,968.75.

Accordingly, the undersigned finds that $3,901.50 is a reasonable fee. The undersigned further finds that the terms of the contingent fee agreement should be upheld to the extent that plaintiff is not

---

[12] The current hourly rate awarded in response to an EAJA petition in the Southern District of Alabama is $125.00. $125.00 x 23.75 hours = $2,968.75.

[13] $12,170.25 - $2,968.75 = $9,201.50 - $5,300.00 = $3,901.50.

penalized for her counsel's failure to timely apply for a fee under the EAJA.

## IV.  CONCLUSION

Accordingly, this court recommends authorization of plaintiff's counsel to receive the sum of $3,901.50, as a reasonable fee for services rendered at the Federal appeals level.

The attached sheet contains important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this the 18th day of July, 2005.

                                         **s / Kristi D. Lee**
                                         **KRISTI  D.  LEE**
                                         **UNITED STATES MAGISTRATE JUDGE**

# MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Opposing party's response to the objection.**  Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection.  FED. R. CIV. P. 72; SD ALA LR 72.4(b).

3. **Transcript (applicable where proceedings tape recorded)**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

                **S / KRISTI  D.  LEE**
                **UNITED STATES MAGISTRATE JUDGE**